# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS BORUCKI, individually and on behalf of all other similarly situated,**

    **Plaintiff,**

    **v.**           Case No. 13-CV-386

**VISION FINANCIAL CORP.,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STAY

Thomas Borucki ("Borucki"), filed a class action complaint on behalf of himself and all others similarly situated against Vision Financial Corporation ("Vision"). (Docket #1.) Borucki alleges that Vision violated the Fair Debt Collection Practices Act ("FDCPA") by failing to comply with 15 U.S.C. § 1692g(a)(4). Before the Court is Vision's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket #10.) Borucki has filed a motion to stay this case pending the Seventh Circuit's decision in a case recently decided in this District, *Gruber v. Creditors' Protection Service*, No. 12-CV-1243, 2013 WL 2072976 (E.D. Wis. May 14, 2013). Both motions have been fully briefed and are ready for disposition. For the reasons that follow, the plaintiff's motion to stay will be denied and the defendant's motion to dismiss will be granted.

As to the motion to stay, it is within a court's discretion to grant such a motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). As will be discussed below, although the Seventh

Circuit has not addressed the validity of the precise language at issue in this case, the Court finds guidance on this issue in the Seventh Circuit interpretation of "dispute" and "verification," which is germane to the question presented in the defendant's motion to dismiss. Thus, it is not more efficient for this Court to stay the proceedings pending the Seventh Circuit's decision in the *Gruber* case. Therefore, the motion to stay will be denied.

Turning to the motion to dismiss, in his complaint, Borucki alleges that Vision violated § 1692g(a)(4) by omitting the portion of the required notice "that informs the consumer that the verification rights are triggered by a dispute of the debt," and that the letter "[i]nstead . . . tells the consumer to specifically ask for verification." (Docket # 1 at ¶ 1.) He further alleges that "a letter from a consumer merely asking for verification would not trigger the protections of 15 U.S.C. §§ 1692g(a)(4) and 1692g(b)." (*Id.*) Borucki also claims that Vision's failure to comply with § 1692g(a)(4) resulted in violations of §§ 1692e and 1692e(10). (*Id.* at ¶ 29.)

Vision argues that the notice to the consumer at issue in the present case complied with § 1692g(a)(4) as a matter of law. (*See* Docket # 11 at 1, 5-6.) Borucki counters that alleging that a debt collector's letter is confusing is enough to survive a motion to dismiss and that he is entitled to present extrinsic evidence showing that the letter is confusing. (*See* Docket # 13 at 4.)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the

pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

In deciding claims under the FDCPA, the Seventh Circuit uses the "unsophisticated consumer" standard. As explained in *Lox v. CDA, Ltd.*, "[t]he unsophisticated consumer may be 'uninformed, naive, [and] trusting,' but is not a dimwit, has 'rudimentary knowledge of the financial world,' and 'is capable of making basic logical deductions and inferences.'" 689 F.3d 818, 822 (7th Cir. 2012) (internal citations omitted). The Seventh Circuit has explained that, "[a]s a general matter, we view the confusing nature of a . . . letter as a question of fact." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (internal citation omitted). However, "dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a

significant fraction of the population would be misled by it.'" *Zemeckis*, 679 F.3d at 636 (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

Among the requirements placed on debt collectors by the FDCPA is a requirement that they include certain information in a collection letter. As relevant here, debt collectors must include:

> a statement that if the consumer notifies that debt collectors in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4). Subsection (b) requires the debt collector "cease collection of the debt" if the debt collector is notified in writing that the debt, or any portion of the debt, is disputed or if the "consumer requests the name and address of the original creditor." 15 U.S.C. § 1692g(b).

In this case, Vision sent Borucki a letter that contained the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

(Exh. A to the Complaint, Docket # 1-1.) The plaintiff contends that this language violates the § 1692g(a)(4) by conflating "dispute" and "verification," which the plaintiff contends are two separate rights under the FDCPA. (Complaint, Docket # 1 at ¶ 1.)

As noted above, this Circuit ordinarily treats the question of whether an unsophisticated consumer would be misled by a collection letter as a question of fact. However, where it is clear that "not even a significant fraction of the population would be misled," dismissal is appropriate. *See Zemeckis*, 679 F.3d at 636. This is such a case. Three courts from this District—District Judge Lynn Adelman, Magistrate Judge William E. Callahan, Jr., and Magistrate Judge Patricia Gorence—have

-4-

Case 2:13-cv-00386-NJ    Filed 06/07/13    Page 4 of 8    Document 22

considered identical arguments based on identical language (made by the same lawyers) and granted the motions to dismiss. *See Gruber v. Creditors' Protection Service*, No. 12-CV-1243, 2013 WL 2072976 (E.D. Wis. May 14, 2013), *Schaefer v. Tri-State Adjustments, Inc.*, No. 13-CV-378 (E.D. Wis. May 28, 2014), and *Kryscio v. National Account Systems of Madison*, No. 13-CV-70 (E.D. Wis. Jun. 4, 2013). In *Gruber*, Judge Adelman, assuming for the purposes of the motion to dismiss that the plaintiff's interpretation of the notice was correct, reasoned as follows:

> The problem for [the plaintiff] is that [the defendant's] notice must be deemed effective even if unsophisticated consumers might have thought that requesting verification was sufficient to trigger [the defendant's] verification obligations. That is because, under the FDCPA, requesting verification *is* sufficient to trigger a debt collector's verification obligations. "Dispute" is a term of art in FDCPA parlance that means a request to verify the existence of a debt. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010). Although an unsophisticated consumer might not know that "I dispute the debt" and "I request that you verify the existence of the debt" are synonymous in the FDCPA context, certainly a debt collector would be charged with such knowledge and would understand that a request to verify a debt triggers the debt collector's obligations under § 1692g(b). Moreover, unsophisticated consumers cannot be expected to assert their rights in legally precise phrases. *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003). Thus, even if there were a literal distinction between disputing a debt and requesting verification of a debt, a debt collector could not ignore its verification obligations anytime a consumer asked for verification but did not also indicate that the debt was "disputed." That would be a form of hairsplitting that the FDCPA does not allow a debt collector to engage in when dealing with unsophisticated consumers.

*Gruber*, No. 12-C-1243, 2013 WL 2072976, * 2. Both Magistrate Judge Callahan and Magistrate Judge Gorence found Judge Adelman's reasoning and decision highly persuasive. This Court does as well. As all three decisions have recognized, the Seventh Circuit has explained that the term "'dispute' is a term of art in the [FDCPA]. It means that the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010); *see also Shea v. Codilis*, No. 99 C 0057, 2000 WL 336567, * 2 (N.D. Ill. Mar. 28, 2000) ("The notice must also instruct the debtor of her right

to dispute the debt by requesting written verification of the debt within 30 days." (citing 15 U.S.C. § 1692g(a)(4))). Additionally, as Magistrate Judge Gorence pointed out, Borucki has offered no case law supporting his position that a request for verification of a debt is insufficient to trigger the protections of §§ 1692g(a)(4) and 1692g(b).

The plaintiff cites numerous cases discussing the "in writing" requirement imposed by § 1692g(a)(4). *See, e.g.*, *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) (finding that by "omitting the words 'in writing,' [the defendant] did not effectively convey to the consumer his rights under" § 1692g(a)(4)); *Bicking v. Law Offices of Reubenstein and Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) (same); *Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that . . . debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."). These cases are not dispositive on the question presented here. The question is not whether the notification must tell the consumer that a request or dispute should be in writing, but whether the notification fails to give proper information as to what request from the consumer will trigger the debt collector's obligations under §§ 1692g(a)(4) and 1692g(b). As indicated earlier, the Seventh Circuit's definition of dispute in *DeKoven*, which interprets "verification" and "dispute" as synonyms in the context of §§ 1692g(a)(4) and 1692g(b), controls. 599 F.3d at 582. This requires a finding that the notification language satisfied the requirements of § 1692g(a)(4).

Finally, as the defendant points out, courts from other jurisdictions have held letters containing language identical to the notification language challenged here satisfies the requirements of § 1692(a)(4). Though the challenges to the language were not the same as the challenge in the present case, these cases are nonetheless instructive on whether the precise language at issue here

satisfies that requirements of § 1692g(a)(4). *See Parker v. CMRE Financial Services, Inc.*, No. 07CV1302, 2007 WL 3276322, *1-3 (S.D. Cal. Nov. 5, 2007) (finding that identical language satisfied § 1692g(a)(4) where the plaintiff challenged the language based on the exclusion of "the phrase 'or any portion thereof'" and also explaining that the sentence needed to be read in context); *Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7 (D.S.C. 1992) (finding that language identical to the language challenged in the present case satisfied § 1692g(a)(4) where the plaintiff challenged the inclusion of a statement that the debt collector would obtain a copy of a judgment when no judgment existed). Most persuasive is *Keen v. Omnibus Intern., Inc.*, No. 98 C 3947, 1998 WL 485682, * 1, 2 (N.D. Ill. Aug. 12, 1998), where the defendant challenged the letter he received on the basis the letter's last sentence "contradict[ed] the validation notice." *Id.* at * 2. The letter contained notification language identical to the language challenged in the present case, and the court stated, "[The plaintiff] does not contend, nor could he, that [the defendant] failed to provide the validation notice required by § 1692g." *Id.*

Accordingly, even viewing the notification in the light most favorable to Borucki, this Court finds that the notification language complies with the § 1692g(a)(4). Thus, Borucki has also failed to state a claim that the language was false, deceptive, or misleading under §§ 1692e and 1692e(10).

Therefore, the defendant's motion to dismiss for failure to state a claim is granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Motion to Stay (Docket # 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss (Docket # 10) is **GRANTED**.

**IT IS ALSO ORDERED** that this action be and hereby is **DISMISSED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of June, 2013.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge